### No. 351
### KELLOG v. SHERRILL et.´

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2981.  Decided Jan. 10, 1927

1113.  STREETS—Where a contract was entered into by the city, authorized by council, for improving a street at a certain grade, to provide a different grade, it would be necessary for a new contract to be authorized and let, according to law.

355. DAMAGES—Where bond issue is made for improvement of street, and contract for such improvement is executed, city could not be permitted to pay damages for breach of the contract out of the proceeds of the bond issue.

First Publication of this Opinion

HAMILTON, J.

In 1902, an ordinance was passed by the council of the city of Cincinnati establishing a grade for a part of Kellogg Avenue, at what is known as an approximately 63 foot grade. In 1919, the issuance of bonds to improve Kellogg Avenue was approved by the voters; and in March, 1925, a contract was entered into with one of the defendants, John S. Bolan, with regard to the improvements.

On Jan. 1, 1926, a new council took office and appointed Clarence O. Sherrill, City Manager, who was of the opinion that a 63 foot grade was unnecessary; and on his recommendation, council changed the grade to approximately 55 feet, and authorized Sherrill to arrange with te contractor for a modification of the contract in this respect.

Thereupon Edwin E. Kellogg filed an action in the Hamilton Common Pleas against Sherrill and Bolan praying for an injunction enjoining the defendants from negotiating or

making any modifications in the plans and specifications or from changing or altering the contract, asked to have the ordinance changing the grade to a 55 foot level, declared null and void, that defendants be required to specifically perform the contract; and to enjoin paying out any of the bond issue money as damages or expenses connected with such change of grade.

The court, on hearing, found for plaintiff and entered an injunction as prayed for, except as to the question of specific performance, which was denied. Kellog filed a petition in error making the point of error, the refusal of the court to grant a decree of specific performance of the original contract with Bolan. Sherrill, on his cross petition in error claimed error in the court's decree in all respects except the refusal to grant specific performance.

Subsequent to the decree of the cuort, the city council passed an ordinance cancelling the contract with Bolan. Kellogg was refused an injunction to enjoin the council from passing this ordinance, and same was duly passed.

Kellogg contends that all the questions have become moot by reason that the only question presented is one of counsel fees. The defendant claims that in addition, a question is raised on the right to pay out proceeds of the bond issue in the improvement under change of grade. The Court of Appeals held:

1. Counsel for Sherrill claimed the right of the city manager to modify the contract under 4331 GC. This section does not nor was not even intended by the legislature to give the administrative officer the right to change contracts to conform to new grades of streets under the guise of modification or alteration.

2. The contract was authorized by council at a certain grade, to provide a new grade, a new contract would have to be authorized and the lower court was correct in enjoining the city manager and the contractor from attempting to make the modification to conform to the new grade.

3. The court committed error in enjoining the payment of costs and expenses in making the improvements, if made out of the bond issue money. The city rould not be permitted to pay damages for breach of the contract out of the proceeds of the bond issue.

4. The method of making the improvement is within the sound discretion of the legislative and administrative officers, and if the effect of the lower court's decree is to prevent the use of the proceeds, of the bond issue for any of 63 feet, the court committed error, as to this, the injunction will be modified.

5. Any decision on the use of the proceeds of the bond issue is premature at this time since there is nothing to show that there is any attempt to use the proceeds for the purpose recited in the decree.

6. The plaintiff, having succeeded in securing injunctive relief under the statute, is entitled to an allowance of attorneys fees.

Decree affirmed as modified.

(Buchwalter, PJ., & Cushing, J., concur.)

Attorneys—Harry R. Weber for Kellogg; John D. Ellis, E. F. Alexander, and Bert Long for City manager; Galvin & Bauer, Taft, Stetinius & Hollister and Pogue, Hoffheimer & Pogue for Bolan; all of Cincinnati.